UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION )
LABORERS WELFARE FUND, an employee )
benefit plan, and BRANDON FLINN, DANNY )
JENKINS, GARY ELLIOTT, DON WILLEY )
BRADLEY GRANT, DAVID GILLICK, NORMAN )
MERLO, JAY SCHULTEHENRICH, COREY BLACK, )
and MICHAEL LUTZ Trustees of the )
Greater St. Louis Construction Laborers Welfare Fund, )
and CONSTRUCTION LABORERS PENSION )
TRUST OF GREATER ST. LOUIS, an employee )
benefit plan, and, JEFFREY O'CONNELL, RICHARD ) Case No. 4:16-cv-1730
MCLAUGHLIN, BRANDON FLINN, GARY )
ELLIOTT, DON WILLEY, RICK CASSON, LOU )
GRASSE, WILLIAM LUTH, DOUG WACHSNICHT, )
DAVID GILLICK, JOSEPH LERITZ, JOE )
HOETTE, Trustees of the Construction Laborers )
Pension Trust of Greater St. Louis, and )
ST. LOUIS VACATION FUND – )
VACATION PLAN, an employee benefit plan, and )
GARY ELLIOTT, BRANDON FLINN, JAY )
SCHULTEHENRICH, NORMAN MERLO and )
WILLIAM LUTH, Trustees of the St. Louis Vacation )
Fund – Vacation Plan, and AGC-EASTERN )
MISSOURI LABORERS' JOINT TRAINING FUND, )
an employee benefit plan, and PATRICK R. PRYOR, )
DON WILLEY, PERRI PRYOR, GARY ELLIOTT )
RICHARD McGUIRE, BRANDON FLINN, JOHN )
B. MORGAN, PHIL HOCHER, ROBERT J. )
WESOLICH, JOE SCARFINO, CLIFF LAND, )
and JOHN J. SMITH, JR., Trustees of the AGC-Eastern )
Missouri Laborers' Joint Training Fund, and LOCAL )
UNION NOS. 42 and 110, LABORERS )
INTERNATIONAL UNION OF NORTH AMERICA, )
AFL-CIO, labor organizations, )
)
    Plaintiff )
v. )
)
SANDERS CONTRACTING, INC.

1

|   |   |
|---|---|
| a Missouri corporation | ) |
|  | ) |
| Defendant. | ) |

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state:

1.  Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Brandon Flinn, Danny Jenkins, Gary Elliott, Don Willey, Bradley Grant, David Gillick, Jay Schultehenrich, Michael Lutz, Corey Black and Norman Merlo, and are the duly designated and acting Trustees of the Welfare Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2.  Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Jeffrey O'Connell, Richard McLaughlin, Brandon Flinn, Donald Willey, Gary Elliott, Rick Casson, Lou Grasse, Joseph Leritz, Doug Wachsnicht, Joe Hoette, and William L. Luth, and are the duly designated and acting Trustees of the Pension Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3. Plaintiff, St. Louis Vacation Fund – Vacation Plan, hereinafter referred to as "the Vacation Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Gary Elliott, Brandon Flinn, Jay Schultehenrich, Norman Merlo, and William L. Luth are the duly designated and acting Trustees of the Vacation Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4. Plaintiff, AGC - Eastern Missouri Laborers Joint Training Fund, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Patrick R. Pryor, Donald Willey, Perri Pryor, Gary Elliott, Richard McGuire, Brandon Flinn, John B. Morgan, Phil Hocher, Robert J. Wesolich, Joe Scarfino, Cliff Land, and John J. Smith, Jr., are the duly designated and acting Trustees of the Training Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5. Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union," are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

6. Defendant Sanders Contracting, Inc., is a Missouri corporation that conducts business within this judicial district.  Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7).

7. This Court has jurisdiction by reason of Sections 502(a)(3), (ii) and 515 of the Employee Retirement Income Security Act of 1974, as amended, §§1132(a)(3)(ii) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a), in that plaintiff trustees are fiduciaries who seek to enforce the provisions of their employee benefit plans, and the union is suing for violation of a contract with defendant.

8. At all times material, defendant was bound by the provisions of a collective bargaining agreement requiring monthly payments to the plaintiff employee benefit funds in specified amounts and the submission of monthly report forms.  That collective bargaining agreement and the plans adopted by the trustees of the plaintiff employee benefit funds also provide that the trustees shall be permitted to perform a financial examination of defendant's books and records periodically to insure that payments have been properly made in accordance with the terms of the collective bargaining agreement.

9. Defendant is required to pay liquidated damages of twenty percent (20%) as well as interest on delinquent contributions.

4

10. Defendant paid late its required employee benefit contributions for the months of July and August 2016. As such, defendant owes a $2,507.66 in liquidated damages and $42.44 in interest related to those months.

11. Additionally, defendant has, to date, failed to submit *any* report or contributions for the month of September 2016 and will likely incur liquidated damages and interest related to that month's contributions as well when the report and contributions are ultimately submitted.

12. It is impossible, however, to determine the total amount owed to the plaintiffs without a full financial examination of the defendant's books for the period of February 1, 2015 to the present.

13. Plaintiffs are entitled to recover interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees and costs pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and trust agreements.

**WHEREFORE**, plaintiffs pray the Court as follows:

1	For an interlocutory order requiring defendant to submit the required employee hours report forms and contributions for the month of September of 2016;

2.	For an interlocutory order of accounting requiring defendant to fully submit to and comply with a financial examination for the period of February 1, 2015 to the present, to be conducted by plaintiffs' accounting firm, RSM, and to submit all documents and records required for such accounting.

3.	For a judgement against defendant for the amount found owing according to the accounting.

4. For an order requiring defendant to submit reports and make payments in the future to the plaintiffs in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future;

5. For judgement against defendant for any and all other amounts found to be owed by defendant to plaintiffs including, but not limited to, contributions, interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g);

6. For such other and further relief as the Court may consider appropriate under the circumstances.

        Respectfully submitted,

        HAMMOND and SHINNERS, P.C.
        7730 Carondelet Avenue, Suite 200
        St. Louis, Missouri  63105
        Phone: (314) 727-1015
        Fax:    (314) 727-6804


        /s/ Nathan K. Gilbert
        SHERRIE A. Hall, #40949
        NATHAN K. GILBERT, #68093
        Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 2, 2016 the foregoing was filed electronically with the Clerk of the Court and a copy was mailed by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220.

/s/ Nathan K. Gilbert