# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:16-CV-1730SNLJ |
| SANDERS CONTRACTING, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

Plaintiffs, the Greater St. Louis Construction Laborers Welfare Fund, et al. ("the Benefit Funds") brought this action to collect delinquent fringe benefit contributions from defendant Sanders Contracting, Inc. under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132.

Defendant was served with the summons and complaint in this action on November 11, 2016. Defendant failed to respond, and the Clerk of the Court entered default on January 10, 2017. The Court's default order required the defendant to submit to plaintiffs, within 30 days, "all of its books, ledgers, payroll records, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wagers paid to defendant's employees from February 1, 2015 to date. Since that time, plaintiff states defendant has submitted some of the materials included in the order; however, defendant has failed to submit employee benefit reports for the year 2017 as well as cash disbursement or checkbook register records.

Counsel for plaintiff contacted the defendant's attorney by email. Defense counsel stated that his client would produce the check register by May 15, 2017, but he did not do so. On May 23, plaintiffs' counsel again contacted counsel for defendant and advised that if defendant did not

1

produce the missing documents by May 26, 2017, then plaintiff would take action with the Court. Defense counsel did not respond to that email.

Plaintiffs thus request that defendant and its representative, Craig Sanders, be held in contempt of court for refusing to abide by this Court's order. Craig Sanders is that defendant's President and a Director and, according to plaintiff, has notice of this Court's order and the defendant's responsibility to comply with it.

"Civil contempt may be employed either to coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 504 (8th Cir. 2000). "It is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it." *Id.* at 507. "The party moving for contempt sanctions bears the burden of proving facts warranting a civil contempt order by clear and convincing evidence." *Id.* at 504. Here, plaintiffs have shown that defendant was required by this Court's order to furnish certain documents to plaintiffs, that plaintiffs worked with defendant's attorney to obtain such documents, that defendant's attorney represented that "his client will [provide] the check register to [plaintiffs' counsel] by Monday" May 15, 2017, and that the check register was never produced despite plaintiff's attempts to contact defense counsel. Plaintiffs required the check register records in order for their auditor to complete his report. Plaintiffs' counsel advised the defendant's attorney that they would seek Court intervention if he had not heard from defendant by May 26, 2017, and, hearing nothing from defendant or its attorney, plaintiffs filed the instant motion with affidavit and other supporting documents on June 6, 2017. Plaintiffs served the motion, memorandum, and exhibits on defendant, defendant's attorney, and Craig Sanders. However, no response has been filed, and the deadline for doing so has passed.

Plaintiffs have met their burden to show that defendant and its President violated a Court

order. Defendant has done nothing to refute plaintiff's showing. A monetary fine is an appropriate sanction for contempt. *See United States v. Abodelly*, 564 F. Supp. 327, 329 (N.D. Iowa 1983) (awarding attorneys' fees and expenses). Plaintiffs request that a monetary compliance fine of $200.00 per day be imposed on defendant, that a writ of body attachment be issued for Craig Sanders, and that defendant pay its attorneys' fees and expenses incurred in filing this motion. Although incarceration may be an appropriate sanction for contempt under some circumstances, the Court declines to issue the writ of body attachment at this time. Defendant shall pay a compliance fine of $200.00 per day for each day the check register record is not provided to plaintiffs' counsel past the date of this Order. Plaintiffs shall further provide evidence of their attorneys' fees and expenses in support of their request in a separate motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Contempt is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that defendant Sanders Contracting, Inc. shall pay a compliance fine of $200.00 per day for each day the above-described check register record is not provided to plaintiffs' counsel past the date of this Order.

**IT IS FINALLY ORDERED** that defendant Sanders Contracting, Inc. shall pay plaintiffs' attorneys' fees and expenses incurred in order to file the instant motion, with the amount to be determined at a later date.

Dated this __14th__ day of July, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE